IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TROY D. RENKEMEYER and )
SUSAN M. RENKEMEYER, HUSBAND )
AND WIFE AS JOINT TENANTS, )
 )
    Plaintiffs, )
 )
  v. ) Case No. 10-2415-JWL
 )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC.; and )
CENTRAL LOAN ADMINISTRATION & )
REPORTING, )
 )
    Defendants. )
 )
_____)

**MEMORANDUM AND ORDER**

In this diversity action, plaintiffs seek to quiet title to certain real estate that they own as joint tenants. Plaintiffs executed a mortgage granting a security interest in the property to defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as "nominee" for the original lender and the lender's successors and assigns. Defendant Central Loan Administration & Reporting ("CLAR") is the original lender's successor and the present holder of the note to which the mortgage relates. Plaintiffs allege that, under Kansas law as set forth in *Landmark National Bank v. Kesler*, 289 Kan. 528 (2009), the mortgage is defective and unenforceable because the security interest was granted to MERS instead of the lender, thereby bifurcating the security interest from the note. Plaintiffs also allege that the mortgage is defective because it mis-names the actual

borrower on the note.

On August 31, 2010, plaintiffs filed a Notice of Dismissal Without Prejudice (Doc. # 14), by which they purported to dismiss MERS from the action pursuant to Fed. R. Civ. P. 41. Because MERS had already filed an answer, plaintiffs could not dismiss that party except by stipulation or leave of the Court. *See* Fed. R. Civ. P. 41(a)(1)(A). Therefore, the Court ordered that plaintiffs' notice be converted to a motion to dismiss MERS without prejudice (Doc. # 16), which the parties have now briefed.[1] For the reasons set forth below, the Court **denies** plaintiffs' motion to dismiss MERS from the action.

In its initial notice of dismissal, plaintiffs asserted that dismissal was appropriate because the Kansas Supreme Court held that MERS was not a necessary party under similar facts in *Landmark*. MERS argues that it should not be dismissed and that it has a right to be heard on plaintiffs' claims because it is a required party under Fed. R. Civ. P. 19(a)(1)(B). That rule provides that a person must be joined as a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.* MERS argues that, as the holder of legal title to the

---

[1] In light of its ruling, the Court denies MERS's motion for leave to file a sur-reply (Doc. # 23) as moot.

2

mortgage, it claims an interest relating to the property that is the subject of the action, and that its joinder as a party is therefore required. MERS also argues that its interest arises to the level of a protected property interest and that its absence would therefore violate due process.[2]

Plaintiffs rely solely on the Kansas Supreme Court's opinion in *Landmark*. In that case, a lender brought a foreclosure action on the first mortgage, naming as parties the owner and a second lender, but not naming MERS (the secured party under a second mortgage as "nominee" of the second lender) or the second lender's successor to the note. *See Landmark*, 289 Kan. at 531. After a default judgment and sheriff's sale, MERS and the second lender's successor moved to vacate the judgment based on the argument that MERS was a contingently necessary party under Kansas Rule 19(a), and MERS moved to intervene under Kansas Rule 24. *See id.* at 531-32. Because MERS was attempting to vacate a default judgment, the supreme court concluded that MERS was required to show a meritorious defense or an interest that could have been impaired, and the court thus proceeded to examine MERS's interest. *See id.* at 535. The court noted that MERS was named in the mortgage "solely as nominee" for the lender, holding "only legal title" to the security interest granted as nominee. *See id.* at 536-37. The court concluded:

> The relationship that MERS has to [the lender] is more akin to that

---

[2]Defendant CLAR has joined and adopted MERS's opposition to the dismissal motion (Doc. # 20).

3

>   of a straw man than to a party possessing all the rights given a buyer. A
>   mortgagee and a lender have intertwined rights that defy a clear separation
>   of interests, especially when such a purported separation relies on
>   ambiguous contractual language. The law generally understands that a
>   mortgagee is not distinct from a lender: a mortgagee is "[o]ne to whom
>   property is mortgaged: the mortgage creditor, or lender." Black's Law
>   Dictionary 1034 (8th ed. 2004). By statute, assignment of the mortgage
>   carries with it the assignment of the debt. K.S.A. 58-2323. Although
>   MERS asserts that, under some situations, the mortgage document
>   purports to give it the same rights as the lender, the document consistently
>   refers only to rights of the lender, including rights to receive notice of
>   litigation, to collect payments, and to enforce the debt obligation. The
>   document consistently limits MERS to acting "solely" as the nominee of
>   the lender.
>
>   Indeed, in the event that a mortgage loan somehow separates
>   interests of the note and the deed of trust, with the deed of trust lying with
>   some independent entity, the mortgage may become unenforceable.

*Id.* at 539-40. The supreme court thus held that MERS, as mere nominee, did not have an enforceable right under the mortgage and thus did not have an interest in the property that was impaired by the default judgment—whether or not MERS "was technically entitled to notice and service in the initial foreclosure action" (an issue the court expressly decline to resolve). *See id.* at 541-42. The court also held that, because MERS did not possess "any tangible interest in the mortgage beyond a nominal designation" as the holder of the mortgage, it did not have an interested protected by the due process clause. *See id.* at 545.

Plaintiffs first argue that this Court should simply follow the *Landmark* court's ruling that did not allow MERS to intervene as a contingently necessary party. The question of joinder under federal Rule 19 is one of procedure, however, that is governed

4

by federal law. *See Federal Resources Corp. v. Shoni Uranium Corp.*, 408 F.2d 875, 877 (10th Cir. 1969). Moreover, even if *Landmark* could carry some weight, that case stood in a different procedural posture, and the Kansas Supreme Court specifically declined to decide whether MERS was entitled to be a party to the initial foreclosure action. *See* 289 Kan. at 542.

Plaintiffs insist that joinder of MERS is not required under Rule 19 because under Kansas law, as set forth in *Landmark*, MERS has no real interest in the mortgage as a mere nominee of the lender or the holder of the note. Under Rule 19, however, the merits of MERS's claim of an interest in the mortgage is irrelevant, as the party need only "claim" an interest and not necessarily "possess" an interest in the subject of the action; Rule 19 excludes only those claimed interests that are patently frivolous. *See Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 998 (10th Cir. 2001) (quoting *Davis v. United States*, 192 F.3d 951, 958-59 (10th Cir. 1999)). In this case, MERS claims an interest as the mortgagee of record, under a mortgage that grants it a security interest and the power to institute a foreclosure action. Without deciding the merits of the action at this stage, the Court concludes that, despite the holding of *Landmark*, MERS's claim is not patently frivolous. For instance, with respect to MERS's due process argument, the *Landmark* opinion does not bind this Court, and at least one court has recently held that MERS does have an interest as nominee under the mortgage that is protected by the due process clause. *See Mortgage Elec. Reg. Sys., Inc. v. Bellistri*, 2010 WL 2720802, at *13-14 (E.D. Mo. July 1, 2010) (citing *Sprint Comms. Co. v. APCC Servs., Inc.*, 554

U.S. 269 (2008)).[3]

Accordingly, the Court concludes that MERS "claims an interest relating to the subject of the action," as required under Rule 19(a)(1)(B). Plaintiffs do not dispute MERS's contention that its absence may impair its ability to protect that interest. Accordingly, the Court concludes that MERS is a required party to this action under Rule 19, and it therefore denies plaintiffs' motion to dismiss MERS from the action.

---

[3]Moreover, plaintiffs' argument that MERS has no independent interest as a mere nominee of the lender would seem to contradict their theory that the mortgage is unenforceable because the interests of the mortgage and the note have been separated. In *Landmark*, the court appeared to find support for its conclusion that MERS was like a mere "straw man" in the fact that, if MERS were in fact independent and not a mere agent for the lender, the mortgage could become unenforceable because of a separation of interest. *See* 289 Kan. at 540 (quoting *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo. Ct. App. 2009)). Thus, by alleging that such separation occurred here, plaintiffs seem to be asserting that MERS is *not* a mere agent or nominee of the lender, but instead is an independent entity. If, in fact, MERS is not a mere nominee, it would have its own interest in the mortgage, as *Landmark*'s negation of MERS's interest was based on its status as a mere nominee.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion to dismiss defendant Mortgage Electronic Registration Systems, Inc. ("MERS") (Doc. # 14) is **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT the motion by defendant MERS for leave to file a sur-reply (Doc. # 23) is **denied as moot**.

IT IS SO ORDERED.

Dated this 28th day of September, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
