**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **TROY D. RENKEMEYER and SUSAN M. RENKEMEYER, HUSBAND AND WIFE AS JOINT TENANTS,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 10-CV-2415 JWL/DWB** |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** | ) | |
| **and** | ) | |
| **CENTRAL LOAN ADMINISTRATION & REPORTING,** | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Central Loan Administration & Reporting ("Cenlar"), by and through counsel and pursuant to Federal Rule of Civil Procedure 56(c)(1)(B), respectfully submit the following Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment (Doc. 28).

## DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS

Defendants provide the following response to plaintiffs' Statement of Uncontroverted Facts:

1. Defendants admit the statements contained in paragraph 1 and admit that Exhibit A is an unsigned copy of the referenced promissory note.

2. Defendants admit the statements contained in paragraph 2.

3. Defendants admit that Cenlar is the current servicer of the referenced promissory note at issue in this matter. Plaintiffs' remaining statements are legal conclusions and/or not supported by Exhibit B, and thus, no response is required.

4. Defendants deny paragraph 4 to the extent that both plaintiffs executed a mortgage and they admit that Exhibit C is an unsigned and unrecorded copy of the referenced mortgage. Defendants have submitted a copy of said mortgage executed by both plaintiffs as Exhibit A to the Affidavit of Bill Hultman submitted in support of their motion for summary judgment filed herewith.

5. Defendants admit that the quoted language in paragraph 5 is contained in plaintiffs' Exhibit C, and that said document speaks for itself.

6. Defendants admit the statements in paragraph 6.

7. Defendants admit the statements in paragraph 7.

8. Defendants admit the statements in paragraph 8.

9. Defendants admit that the term "Loan," is described in whole or part as set forth in plaintiffs' Exhibit C and that said document speaks for itself.

10. Defendants admit that the term "Note," is described in whole or part as set forth in plaintiffs' Exhibit C and that said document speaks for itself.

11. Defendants state that paragraph 11 calls for a legal conclusion to which no response is required. See MERS' memorandum in support of its summary judgment motion for MERS' characterization of its interest in the mortgage.

12. Defendants admit that the term "Borrower," is described in whole or part as set forth in plaintiffs' Exhibit C and that said document speaks for itself.

13. Defendants admit the statements in paragraph 13.

14. Defendants admit the statements in paragraph 14.

15. Defendants admit that paragraph 23 of plaintiffs' Exhibit C states, in part, that "Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument." The balance of the document speaks for itself.

16. Paragraph 16 is a legal conclusion to which no response is required.

17. Defendants admit the statements in paragraph 17.

18. Defendants state that the facts alleged in this paragraph are not supported by the cited affidavit, and thus require no response, as there is no indication in that affidavit how Mr. Renkemeyer could possibly have known who "drafted" the mortgage. Moreover, the plaintiffs' statement with respect to the Note is not supported by the cited affidavit.

**DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS IN RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants incorporate by reference their Statement of Material Uncontroverted Facts In Support of their Motion for Summary Judgment, and all exhibits thereto, as though set forth herein.

**PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT**

Plaintiffs ask this Court to invalidate their mortgage on two distinct grounds. First, they assert that MERS' role on the mortgage as mortgagee of record on behalf of the lender and its successors and assigns rendered the mortgage unenforceable. Second, they assert that the mortgage does not sufficiently describe the debt it secures. Plaintiffs seek summary judgment on both grounds, asking this Court to quiet title and eliminate the mortgage lien on their property.

The defendants have filed herewith a cross-motion for summary judgment, asserting that there are no material facts in dispute and the plaintiffs cannot prevail on

either of their claims as a matter of law. That motion, and the accompanying memorandum, addresses all the issues raised in the plaintiff's motion for summary judgment. Rather than reiterate those arguments, here, defendants incorporate by reference the arguments set forth in their memorandum in support of their motion for summary judgment.

Additionally, even if defendants do not prevail on their cross-motion for summary judgment, the plaintiffs have failed to establish that defendants' affirmative defenses, namely, laches, unclean hands, unjust enrichment, reformation, and equitable lien fail as a matter of law. *See, e.g., United States v. Undetermined Quantities of an Article of Drug ... Anucort Hemorrhoidal Suppositories*, 709 F.Supp. 511, 515 (D.N.J. 1987) ("Plaintiff, to prevail on its motion for summary judgment, must also demonstrate that [Defendant's] affirmative defenses fail as a matter of law"). Indeed, the plaintiffs do not even mention these affirmative defenses in their motion for summary judgment.

## CONCLUSION

Defendants respectfully request this Court to deny plaintiffs' Motion for Summary Judgment and enter summary judgment in favor of the defendants on all claims in the plaintiff's Complaint to Quiet Title.

Respectfully Submitted,

HUSCH BLACKWELL LLP

By: */s/ Steven Martin Aaron*
Steven Martin Aaron, KS #15926
4801 Main, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
steve.aaron@huschblackwell.com

and

*/s/ JoAnn T. Sandifer*
JoAnn T. Sandifer, MO #38602
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
joann.sandifer@huschblackwell.com

*Attorneys for Defendant Mortgage Electronic Registration Systems, Inc.*

AND

SANDBERG, PHONEIX & VON GONTARD,

By: */s/ Andrew D. Ryan*
Andrew D. Ryan, KS # 17971
Andrew R. Kasnetz, MO #29863
Jesse B. Rochman, MO #60712
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-131
Aryan@sandbergphoenix.com
akasnetz@sandbergphoenix.com
jrochman@sandbergphoenix.com

*Attorneys for Defendant*
*Central Loan Administration & Reporting*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November, 2010, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties and counsel of record in the subject matter.

/s/ Steven Martin Aaron
Attorney